IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-82-TAV-DCP |
| JENNY L. WATTENBARGER, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned for a telephonic motion hearing on Defendant Wattenbarger's Motion to Continue Trial and Deadlines [Doc. 78], filed on March 12, 2023. Assistant United States Attorney Brent Jones appeared on behalf of the Government. Attorney Michael Menefee appeared on behalf of Defendant. Defendant Wattenbarger was excused from the hearing.

In her motion, Defendant asks the Court to continue the April 4, 2023 trial date and associated deadlines. Counsel for Defendant states that he was appointed to represent Defendant at her arraignment on March 9, 2023, and received discovery from the Government the next day. Counsel relates that a cursory review of the discovery reveals that it is voluminous in that it contains numerous documents, electronic records, phone dumps, and pole camera footage. Counsel states that he needs additional time to review the discovery, research the issues, and conduct an independent investigation so that he may properly advise Defendant. Counsel submits that the ends of justice served by allowing Defendant time to properly prepare for trial outweigh the interests of the public and Defendant in a speedy trial. Finally, counsel states that he has spoken with counsel for the Government, who does not oppose the requested continuance.

At the telephonic motion hearing, counsel for Defendant stated that while he has begun reviewing discovery, he has not yet completed it and, as such, he would not be ready for trial by the current trial date. AUSA Jones confirmed that the Government had no opposition to the requested continuance. AUSA Jones agreed that the discovery was significant and added that there was one outstanding piece of discovery—a video that is in the possession of the Tennessee Bureau of Investigation ("TBI")—that TBI would likely have available later in the week.

Based upon the information provided by Defendant in his motion and at the hearing as well as the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel was only recently appointed to represent Defendant in this case and needs additional time to review the voluminous discovery, research and investigate the matters involved, and confer with his client, all of which cannot be done by the April 4, 2023 trial date.

The Court therefore **GRANTS** Defendant Wattenbarger's Motion to Continue Trial and Deadlines [**Doc. 78**]. The trial of this case is reset to **July 18, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 12, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Wattenbarger's Motion to Continue Trial and Deadlines [**Doc. 78**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 18, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **March 12, 2023**, and the new trial date of **July 18, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **April 14, 2023**. Responses to motions are due on or before **April 28, 2023**;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 16, 2023**;

(6) The deadline for filing motions *in limine* is **June 30, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **July 6, 2023, at 10:30 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 7, 2023**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge